IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLOBE LIFE & ACCIDENT INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD FOREHAND, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACT. NO. 1:10CV971-MHT<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

On June 21, 2011, the court heard argument on the following motions:

1. Globe Life's Motion to Compel Production of Documents and Things Subpoenaed from the Alabama Securities Commission. (doc. # 18)

2. Raymond Wiehe's Motion to Quash. (doc. # 19)

3. Alabama Securities Commission's Motion to Quash. (doc. # 20)

4. United States' Motion to Quash. (doc. # 24)

This case is a declaratory judgment action filed by Globe Life & Accident Insurance Company of America (Globe) seeking a declaration concerning whether a claim for accident death benefits is payable. Globe issued a certificate of accidental death insurance on the life of Vicky J. Yeager. The policy specifically excludes coverage for death caused by suicide. Edward Forehand is the beneficiary.

Yeager died in a fire. After extensive investigation the Dothan Police Department concluded that Yeager committed suicide. However, a preliminary report of the Alabama

Department of Forensic Sciences determined that Yeager's manner of death was accidental. Forehand has filed an answer and counterclaim for breach of contract based on Globe's failure to pay death benefits.

The Alabama Securities Commission; Weihe, a Dothan Police Department investigator and the United States Attorney all resist the discovery sought by Globe on the basis that the information sought could compromise an on-going criminal investigation. It seems that Yeager and Forehand allegedly were involved in an unlawful Ponzi scheme now being investigated by a joint Federal-State task force.

At oral argument Globe told that court that it did not object to a stay of the civil proceedings until the criminal proceedings were concluded. Forehand objects to a stay arguing that it will prejudice him because of the delay in his assertion of his rights to the insurance proceeds.

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308 (1976). While FED R. CIV. P. 26 does not expressly provide for stays of civil discovery in parallel civil cases, federal courts have often issued orders staying civil discovery because of related criminal investigations even when, as is the case here, no indictment or information has been filed. Charles A. Wright & Arthur R. Miller, 8A Federal Practice & Procedure § 2040 (3d ed.).

> There is a clearcut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a

> criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. but these distinctions do not mean that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought. The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962).

In this circuit, "[a] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir.1994).  Nevertheless, a court may decide in its discretion to stay civil proceedings "when the interests of justice . . . [seem] to require such action, sometimes at the request of the prosecution . . . sometimes at the request of the defense . . ." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (citations omitted).

As earlier noted, Forehand apparently is a target of the investigation.  He objects to the stay, but the only prejudice to him at this juncture will be a delay in his receipt of money should he ultimately prevail on the merits of his counterclaim.  Permitting the discovery sought by Globe, on the other hand, could compromise the criminal investigation and, moreover, provide to Forehand discovery to which he would not be

3

entitled in a criminal action. Any prejudice to Forehand can be ameliorated by the payment to him of interest.

The court concludes upon weighing the substantial public interest in law enforcement that special circumstances require in the interest of justice that this case be stayed pending completion of the criminal investigation. The undersigned has conferred with the District Judge assigned to this case, and he has no objections to this action. Accordingly, it is

ORDERED that all pending motions be and are hereby DENIED without prejudice and that this case be and is hereby STAYED pending further order of the court. The United States Attorney is DIRECTED to inform counsel for Globe when the criminal investigation is completed.

The Clerk of the Court is DIRECTED to close this case administratively.

Done this 22nd day of June, 2011.

                                               /s/Charles S. Coody
                                             CHARLES S. COODY
                                             UNITED STATES MAGISTRATE JUDGE